Edna Kay **THOMAS, Appellant,**

v.

The **STATE of Texas, Appellee.**

No. 14–93–00916–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 11, 1996.

Discretionary Review Refused April 10, 1996.

Leslie Werner de Soliz, Victoria, for appellant.

Margaret Lalk, Bryan, for appellee.

Before MURPHY, C.J., and AMIDEI and ANDERSON, JJ.

## OPINION

ANDERSON, Justice.

Edna Kay Thomas (Thomas) appeals from a jury conviction for theft. TEX.PENAL CODE ANN. § 31.03 (Vernon 1989 & Vernon Supp. 1991).[1] The jury assessed punishment at ten years probation. Thomas raises four points of error, challenging the sufficiency of the evidence, the admission of expert testimony, and the denial of her request for a mistrial. We affirm.

Thomas allegedly participated in a "pigeon drop" scheme, a type of theft by deception generally involving two people. The other party involved, Joyretta Rhodes, convinced the theft victim, an elderly woman at a Wal–Mart, that she had found a large sum of money ($33,000). Following an elaborate scheme, Rhodes convinced the woman she would split about one-third of the money with her if she would give Rhodes $7500 in "good faith" money as security until the money was ready to be divided. Rhodes led the victim to believe that Thomas would also receive one-third of the money. The scheme lasted about two hours. Thomas accompanied Rhodes and the theft victim throughout the commission of the crime, never letting on that she knew Rhodes. The State's evidence persuaded the jury that Thomas collaborated in the whole event, gaining the victim's trust by acting as an innocent third party and pretending to also put up "good faith" money.

In her first and second points of error, Thomas contends the State did not present sufficient evidence to prove Thomas' guilt beyond a reasonable doubt. The court charged the jury that Thomas was criminally responsible for the offense committed by Rhodes if, acting with the intent to promote or assist the commission of the offense, she aided or attempted to aid Rhodes to commit the offense. TEX.PENAL CODE ANN. § 7.02 (Vernon 1974). Thomas, however, argues there was no evidence to prove she acted with the requisite level of criminal responsibility to be found guilty for Rhodes' conduct. Accordingly, Thomas contends the trial court should have granted her motion for an instructed verdict and argues the State did not present sufficient evidence to support the conviction. See Reynolds v. State, 848 S.W.2d 785 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd) (challenging the trial court's denial of a motion for an instructed verdict is also a challenge to the legal sufficiency of the evidence). Thomas argues the State did not satisfy its burden under the law for accomplice liability because during the two hour period this crime transpired, Thomas never spoke to the victim. TEX.PENAL CODE ANN. § 7.02. Consequently, Thomas argues she was merely present during the commission of the offense and did not aid in anyway. The standard for a legal sufficiency challenge is whether, viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); Rivera v. State, 808 S.W.2d 80, 91 (Tex.Crim.App.1991), cert. denied 502 U.S. 902, 112 S.Ct. 279, 116 L.Ed.2d 231 (1991).

Although mere presence at the scene of an offense alone is not sufficient to support a conviction, it may be sufficient to prove guilt when combined with other circumstances. Beardsley v. State, 738 S.W.2d 681, 685 (Tex.Crim.App.1987); Wilkerson v. State, 874 S.W.2d 127, 130 (Tex.App.—Houston [14th Dist.] 1994, pet. ref'd). Circumstantial evidence may be sufficient to show one is a party to an offense. Beardsley, 738 S.W.2d at 684; Wilkerson, 874 S.W.2d at 130. The circumstantial evidence must show that at the time of the offense, the parties were acting together, each contributing some part

1. The crime for which appellant was convicted was committed before September 1, 1994, the effective date of the revised penal code. See acts, 73rd Leg., Ch. 900, § 1.18(b). Therefore all references to the penal code are to the code as in effect at the time the crime was committed.

toward the execution of their common purpose. *Burdine v. State,* 719 S.W.2d 309, 315 (Tex.Crim.App.1986), *cert. denied,* 480 U.S. 940, 107 S.Ct. 1590, 94 L.Ed.2d 779 (1987); *Wilkerson,* 874 S.W.2d at 130. In determining whether a defendant participated in an offense as a party, the court may examine the events occurring before, during, and after the commission of the offense. *Beardsley,* 738 S.W.2d at 685; *Wilkerson,* 874 S.W.2d at 130. Moreover, the cumulative force of all the incriminating circumstances may be sufficient to warrant a conclusion of guilt. *Beardsley,* 738 S.W.2d at 685; *Jones v. State,* 845 S.W.2d 419, 424 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd).

The State presented sufficient evidence for the jury to find Thomas guilty. When Rhodes represented that she did not know Thomas, Thomas remained silent. The State, however, presented evidence that when the police arrested Rhodes several days after the theft, Thomas was with her. Thomas identified herself to the arresting officer as Rhodes' step-sister. Thomas also remained silent when Rhodes stated that both the victim *and Thomas* were to put up "good faith" money. Further, when the victim tendered her money to Rhodes, Thomas appeared to be holding "good faith" money. She also appeared to give money to Rhodes at the same time the victim did. Finally, Thomas left with Rhodes shortly after receiving the victim's money.

Thomas' conduct was also consistent with the behavior of a party in a "pigeon drop" scheme, according to the State's expert. The State presented testimony from a police officer trained in the procedure of con games. The expert testified that a "pigeon drop" must have two people for the con to succeed. One of the perpetrators does most of the talking and the other speaks less, particularly if the crime is going smoothly. The purpose of the second person is to gain the trust of the victim by not appearing to be acquainted with the primary perpetrator. Finally, the "found money" will usually be represented as somehow tainted. For example, Rhodes told the victim that the money was probably derived from "drugs or pornographic pictures".

In sum, the State presented evidence that Thomas: 1) was present during the crime, 2) remained silent in the face of Rhodes' misrepresentations, 3) appeared to hold and then hand over "good faith" money, and 4) left with Rhodes shortly after Rhodes received the $7500 from the theft victim. Further, the State presented expert testimony explaining how Thomas' role was consistent with that of a con artist in a "pigeon drop" scheme. Given this evidence, a rational jury could find Thomas guilty beyond a reasonable doubt. Appellant's first and second points of error are overruled.

■ Thomas' third point of error contends the trial court erred by admitting the testimony of the State's expert. The admission of expert testimony is within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. *Pierce v. State,* 777 S.W.2d 399, 415 (Tex. Crim.App.1989), *cert. denied,* 496 U.S. 912, 110 S.Ct. 2603, 110 L.Ed.2d 283 (1990). During trial, Thomas' attorney objected to the expert's qualifications. An expert is qualified to testify if the expert has special knowledge derived from the study of technical works, specialized education, practical experience, or a combination of the above. *Clark v. State,* 881 S.W.2d 682, 698 (Tex.Crim.App. 1994), *cert. denied,* — U.S. ——, 115 S.Ct. 1114, 130 L.Ed.2d 1078 (1995); *see also* Tex. R.Crim.Evid. 702. Further, such special knowledge should indicate to the trial court that the expert's testimony will assist the jury in making inferences regarding fact issues more effectively than the jury could do unaided by such opinion. *Clark,* 881 S.W.2d at 698; Tex.R.Crim.Evid. 702.

■ The State's expert was a crime prevention officer who had received over two hundred forty hours training in financial swindles through the Texas Crime Prevention Institute of Southwest Texas State University and the Criminal Justice Institute at Sam Houston State University. He was specifically trained in the operation of con games, including the pigeon drop. He was also certified to teach other police officers in this area. The expert had also interviewed con artists who had participated in pigeon drop schemes. Thus, the officer had special-

ized knowledge derived from training and practical experience.

Moreover, his testimony assisted the jury in making inferences from the fact issues more effectively than they could have on their own. One of the important issues was how Thomas aided Rhodes in the commission of the offense. TEX.PENAL CODE ANN. § 7.02. By explaining to the jury how this elaborate scheme worked, the jury was better able to understand the important role a second person plays in a "pigeon drop." Thus, the expert's specialized knowledge assisted the jury in understanding facts relevant to the State's case. We overrule point of error three.

■ In Thomas' fourth point of error, she contends the trial court erred by overruling her request for a mistrial. During the State's case-in-chief, the prosecutor questioning the complaining witness asked her to identify a photograph of Rhodes. The witness mistakenly identified the woman in the photograph as Thomas. On this basis, counsel for Thomas requested a mistrial. On appeal, Thomas argues the mistrial was requested because the in-court identification was unreliable and should not have been admitted. However, the defense never objected to the admission of the identification. Rather, defense counsel stated, "I'm requesting a mistrial on the grounds that the witness, the complaining witness, cannot identify my client and she has, in fact, identified the photograph that [the prosecutor] showed her as being [Thomas]." Therefore, our determination is whether the trial court properly denied the mistrial on the grounds set forth to the trial court. TEX.R.APP.P. 52(a).

■ An appellate court may not reverse a trial court's denial of a motion for mistrial unless appellant shows the trial court abused its discretion. *Toy v. State*, 855 S.W.2d 153, 160 (Tex.App.—Houston [14th Dist.] 1993, no pet.). Generally, a mistrial requested during the presentation of evidence is in response to a remark or statement that prejudices the jury and cannot be cured by an instruction. *See e.g. Moore v. State*, 882 S.W.2d 844, 847 (Tex.Crim.App. 1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 909, 130 L.Ed.2d 791 (1994); *Calderon v.*

*State,* 847 S.W.2d 377, 380 (Tex.App.—El Paso 1993, pet. ref'd). The complaining witness' misidentification of the photo merely goes to the weight and credibility of her testimony. There was further testimony that the State's witness had in fact picked out Thomas from a photo line-up conducted after the theft. However, her inability to recognize a photo of one of the perpetrators at trial certainly does not prejudice the jury against the defense. The trial court did not abuse its discretion by not granting a mistrial. Thomas' fourth point of error is overruled.

The judgment of the trial court is affirmed.