**Patty Busby CARTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–97–01280–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 7, 1999.

John F. Carrigan, Houston, for appellant.

Rikke Burke Garber, Houston, for appellee.

Panel consists of Justices MAURICE E. AMIDEI, FOWLER and WITTIG.

## MAJORITY OPINION

WANDA McKEE FOWLER, Justice.

Over her plea of not guilty, a judge found appellant, Patty Busby Carter, guilty of possession of less than one gram of a controlled substance, namely cocaine. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115 (Vernon Supp.1999). The judge sentenced her to nine years imprisonment in the Texas Department of Criminal Justice, Institutional Division. Appellant appeals on one point of error. We affirm the trial court judgment because we conclude that the bare minimum information was introduced to qualify a chemist as an expert.

## THE CONTROVERSY

On July 8, 1997, Houston Police officers were conducting an undercover prostitution investigation. An undercover officer picked up appellant in an unmarked police car. Once in the car, appellant agreed to have sex with the officer for $30. The undercover officer proceeded to a hotel parking lot as directed by appellant. While the undercover officer and appellant were getting out of the car, a uniformed police officer approached the car. When the uniformed police officer informed appellant she was under arrest and that she needed to see her hands, appellant dropped a piece of toilet paper behind her. When the arresting officer picked up the toilet paper, the officer discovered a crack pipe. A field test at the station house

revealed that the residue inside the pipe was cocaine. The crack pipe was sent to the crime lab for further examination.

At trial, Edna Black, who is a chemist with the Houston Police Department's Crime Laboratory, testified as an expert as to the tests she ran on the crack pipe. When Black took the witness stand, the prosecutor attempted to prove her expert qualifications. That testimony follows below:

Q: Ma'am, could you state your name for the record, please?

A: My name is Edna Black.

Q: Ms. Black, who are you employed with?

A: I am employed in the City of Houston Police Crime Laboratory.

Q: What are your duties in the Crime Laboratory?

A: I'm a chemist, and as a chemist I receive evidence that is submitted by the police officers, and I do a chemical analysis to determine if that evidence is a controlled substance or not, and I keep a record of my results.

Q: You've testified a few times, have you not?

A: Yes, I have.

Q: How many years you been doing those kind of analyses?

A: Almost seven years

Q: And you have the education that allows you to do that?

A: Yes, I do.

The prosecutor then led Black on a discussion about the crack pipe. When the prosecutor asked for Black's expert opinion as to what the crack pipe contained, appellant objected to Black as an expert witness. However, the trial court overruled the objection and allowed Black to give her expert opinion. It is this ruling which appellant now complains about on appeal.

## DISCUSSION AND HOLDING

█ In her sole point of error, appellant contends the trial court erred in overruling her objection to Black's testimony because the state failed to prove her to be an expert witness.[1] Appellant's objection was reasonable and certainly understandable. The prosecutor did a careless job of qualifying this witness as an expert. But, these things do not necessarily mean that the trial court abused its discretion in allowing the witness to testify as an expert. *See Penry v. State*, 903 S.W.2d 715, 762 (Tex. Crim.App.1995) (stating that whether a witness offered as an expert possesses the required qualifications is a question which rests largely in the trial court's discretion).

According to Rule 702 of the Texas Rules of Evidence, if scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise. *See* Tex.R. Evid. 702.

"The opinions of experts are received upon the theory that, by reason of study or experience, they have upon *the subject of inquiry* a special knowledge which *jurors generally do not possess* and are therefore *better equipped* to draw conclusions from the facts *than the jurors themselves.* ... [T]he practical test for receiving such opinion is: *On the subject in issue* can the jury receive any *appreciable aid* from the person offered?"

. . . .

1. We read the objection at trial and the brief on appeal to complain simply that the prosecutor did not put on sufficient evidence concerning the chemist's qualification—*i.e.*, studies, training, work experience, history as an expert witness—to qualify her as an expert. This case does not involve a *Daubert* objection that the testing was not reliable or recognized in the scientific community. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592–95, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993); *see also Williams v. State*, 936 S.W.2d 399, 402–04 (Tex.App.—Fort Worth 1996, pet. ref'd) (discussing an objection which was made to the reliability of the chemist's testing techniques).

... The special knowledge which qualifies a witness to give an expert opinion may be derived entirely from a study of technical works, or specialized education, or practical experience or varying combinations thereof; what is determinative is that his answers indicate to the trial court that he possesses knowledge which will assist the jury in making inferences regarding fact issues more effectively than the jury could do so unaided.

*Holloway v. State*, 613 S.W.2d 497, 501 (Tex.Crim.App.1981); *see Clark v. State*, 881 S.W.2d 682, 698 (Tex.Crim.App.1994).

 The admission of expert testimony is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *See Griffith v. State*, 983 S.W.2d 282, 287 (Tex.Crim. App.1998); *Thomas v. State*, 915 S.W.2d 597, 600 (Tex.App.—Houston [14th Dist.] 1996, pet. ref'd). Although the issue here is very close, we do not believe the trial court abused its discretion in overruling appellant's objection to this witness.

 As we begin our discussion, we cannot help but note that we have not found a case in which so few qualifications were introduced for a police chemist. Nonetheless, based on the evidence in the record, the trial court heard sufficient testimony to conclude that the witness had seven years of practical experience with the City of Houston crime lab testing substances to determine whether or not they were controlled substances. The court also could make a reasonable inference from the testimony that the witness had testified on other occasions as a chemist.

Rule 702 of the Texas Rules of Evidence authorizes an expert to give an opinion even when it is based solely on practical experience. *See* TEX.R. EVID. 702 (stating that "a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise"). Rule 702 states the various methods of qualifying a witness—knowledge, skill, experience, training, or education—disjunctively, not conjunctively. *See* TEX.R. EVID. 702. Without stating that a witness may be qualified by only one of the methods of qualification, Texas case law has recognized that the bases for qualifying a witness are stated in the disjunctive. *See Penry v. State*, 903 S.W.2d 715, 762 (Tex. Crim.App.1995); *Clark*, 881 S.W.2d at 698; *Holloway*, 613 S.W.2d at 501; *Thomas*, 915 S.W.2d at 600. Here, the chemist's practical experience was the method of qualification. And clearly, as referred to in *Holloway*, the chemist's practical experience, was in the precise subject at issue—whether or not the substance was a controlled substance.

 If Rule 702 and the case law interpreting it mean what they say, experience alone can provide a sufficient basis to qualify a person as an expert. Although we have not found a decision from the Texas Court of Criminal Appeals or one from a Texas Court of Appeals, we have found numerous cases from the federal courts[2] stating that a witness may be qualified on the basis of only one of the five qualifications listed in Rule 702—including practical experience. *See Lauria v. Nat'l R.R. Passenger Corp.* 145 F.3d 593, 598 (3d Cir.1998) (stating witnesses can qualify

---

**2.** Since the Texas Rules of Evidence are patterned after the Federal Rules of Evidence, cases interpreting Federal Rules should be consulted for guidance as to the scope and applicability of the rule unless the Texas Rule clearly departs from the Federal Rule. *See Cole v. State*, 839 S.W.2d 798, 801 (Tex.Crim. App.1990); *see also Montgomery v. State*, 810 S.W.2d 372, 376 n. 2 (Tex.Crim.App.1990) (stating that although the Texas courts are not bound by lower federal court rulings, when

the Texas Rule duplicates the Federal Rule, greater than usual deference should be given to the federal court's interpretations); *Dickerson v. State*, 745 S.W.2d 401, 403 (Tex.App.— Houston [14th Dist.] 1987, pet. ref'd) (stating that the Texas Court of Criminal Appeals has approved the practice of interpreting Texas Rules in accordance with Federal Rules where the wording is the same). Evidence Rule 702 is worded identically in both the Texas and Federal Rules.

**320**

as experts under Rule 702 on the basis of practical experience alone, and a formal degree, title, or educational speciality is not required.); *United States v. Abrego,* 141 F.3d 142, 173 (5th Cir.1998) (stating, although a doctor did not profess to being an "expert" on Valium habituation or dependency, it was not an abuse of discretion for trial court to allow such testimony because the doctor had practical experience sufficient to give his expert opinion); *United States v. Valle,* 72 F.3d 210, 215 n. 4 (1st Cir.1995) (holding that street savvy and practical experience can qualify a witness as an expert as surely as " 'a string of academic degrees or multiple memberships in learned societies' "); *Sullivan v. Rowan Cos.,* 952 F.2d 141, 145 (5th Cir.1992) (holding that an expert may be qualified on any of the five bases listed in Rule 702 of the Federal Rules of Evidence); *Rogers v. Raymark Indus.,* 922 F.2d 1426, 1429 (9th Cir.1991) (concluding that a witness can qualify as an expert through practical experience in a particular field, not just through academic training); *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 176 (5th Cir.1990) (concluding that since the five qualifications in Rule 702 are stated in the disjunctive, the court must assume the drafters of the rule chose deliberately, and that an expert may be qualified on any one of the five bases listed); *Grain Dealers Mut. Ins. Co. v. Farmers Union Coop. Elevator and Shipping Ass'n,* 377 F.2d 672, 679 (10th Cir. 1967) (stating a practical basis of qualification as well as academic training is needed for a witness to qualify as an expert).

■ Thus, although only one or two more questions about this chemist's educational training and her experience would have been advisable, we cannot say that the trial court abused its discretion in allowing the testimony of this chemist.

In short, because Black had been testing substances for the City of Houston crime lab for the past seven years to determine whether or not they were controlled substances, this practical experience was suffi-

cient for her to testify as an expert witness on the issue of whether a substance was a controlled substance. Thus, the trial court did not abuse its discretion when it overruled appellant's objection to Black as an expert witness. We overrule appellant's sole point of error and affirm the trial court judgment.

DON WITTIG, Justice, dissenting.

In this instance, the applicable "abuse of discretion" standard requires us to review only the testimony actually elicited from Black on the record before us regarding her expertise. It is from that record we determine whether the trial judge's decision to allow her to testify was "arbitrary and unreasonable and without reference to guiding principles." *Goode v. Shoukfeh,* 943 S.W.2d 441, 446 (Tex.1997); *Lagrone v. State,* 942 S.W.2d 602, 616 (Tex.Crim. App.1997), *cert. denied,* 522 U.S. 917, 118 S.Ct. 305, 139 L.Ed.2d 235 (1997) .

Before admitting expert testimony, the trial court must be satisfied that three conditions are met: (1) that the witness qualifies as an expert by reason of his knowledge, skill, experience, training, or education; (2) that the subject matter of the testimony is appropriate for expert testimony; and (3) that admitting the expert testimony will actually assist the fact finder in deciding the case. See TEX. R.CRIM.EVID. 702; *Alvarado v. State,* 912 S.W.2d 199, 215–16 (Tex.Crim.App.1995). Further, the offering party bears the burden to prove the witness they are offering is an expert. *Matson v. State,* 819 S.W.2d 839, 851 (Tex.Crim.App.1991). The first condition of *Alvarado* is the only one at issue in this case.

As the majority recognizes, the prosecutor brought out no testimony as to Black's training, education, skill, or knowledge in the field of identifying controlled substances. The only testimony as to Black's qualifications as an expert in identifying controlled substances was with regard to her "practical experience."

While, in some cases, an expert's qualifications can be established on practical experience alone, Black's nebulous and sketchy testimony about her experience left too much to be inferred about her qualifications as an expert in identifying controlled substances. Moreover, because of the scientific/technical nature of her work, it is questionable whether she could have been shown to be qualified as an expert without at least some testimony as to her educational background, whether she had any training and experience that enabled her to know her level of expected expertise, what, if any, licenses she holds, whether she even had the capacity to do her work properly, and whether she was familiar, competent, and knowledgeable with the procedures that actually enabled her to identify the particular substance as cocaine. In short, we are left guessing as to these fundamental qualifications. Even the experts "practical experience" with the substance in question is truly unknown. Had she ever tested a single sample of cocaine before this testimony? With the burden of proof on the party offering the expert, what the majority says it can infer from the testimony is perhaps what it and the trial judge took for granted.

As to Black's needed qualifications as an expert, I disagree with the majority's assertion that the "precise subject at issue" is whether or not the substance was merely a "controlled substance." In *Broders v. Heise*, 924 S.W.2d 148 (Tex.1996), the court stated that the proponent of an expert must show their expert possesses special knowledge as to the very matter on which he or she proposes to give an opinion. *See Broders*, 924 S.W.2d at 152. It went on to hold that to satisfy Rule 702, the offering party must establish the expert has knowledge, experience, training, or education "regarding the *specific* issue before the court which would qualify the expert to give an opinion on that *particular* subject." *Id.* at 153 (emphasis added).

"Controlled substances" is a very large, non-specific category of substances. As a cursory examination of TEX. PENAL CODE § 481.101, *et seq.* reveals, the category of controlled substances is divided up into several "Penalty Groups," which consist of hundreds of individual complex chemical structures. Accordingly, under both the requirements of Rule 702 and *Broders*, the issue in this case is not whether Black qualified to testify as an expert about controlled substances in general, but about a particular controlled substance appellant was alleged to have possessed: cocaine.

The State simply failed to demonstrate Black had the expertise to identify the particular substance the police officers obtained from appellant was cocaine. Therefore, the first of the three conditions set out in *Alvarado* was not met. The timely and specific objection to the expertise of Black should have been sustained. Then, the State, by expending a curative few questions properly qualifying Black, could probably have helped us all save one more tree.