CALVO V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-107-CR

JOSE LUIS CALVO APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

A jury convicted Appellant Jose Luis Calvo of two counts of aggravated sexual assault and assessed his punishment at two consecutive sixty-year sentences and a fine of $10,000 on each count.  In three issues, Calvo contends that the trial court erred by (1) stacking the two sentences, (2) admitting medical testimony at punishment from a nurse who was not qualified to render such medical opinions, and (3) not declaring a mistrial when the prosecutors used incurable inflammatory argument in their summation at punishment.  We affirm as modified.

II. 
Background Facts

On January 8, 2004, fifty-seven-year-old L.M. was drinking beer at her sister’s house when Calvo and L.M.’s nephew, Benjamin, arrived.  At some point later, L.M. returned to her own home.  Early in the morning of January 9, 2004, Calvo and Benjamin knocked on L.M.’s door.  L.M. let both men into the house.  At about 6:00 a.m., Benjamin left L.M.’s house to take his wife to work.  He stated that he would return in five minutes. 

Thereafter, L.M. became uncomfortable with Calvo, so she locked herself in the bathroom.  When L.M. finally opened the bathroom door, Calvo head-butted her in the face, fracturing her nose and causing her to briefly black out and fall to the floor.  When L.M. awoke, she attempted to fight back, but Calvo pulled off her clothes and choked her.  For the next several hours, Calvo sexually assaulted L.M. multiple times.  Eventually, L.M. was able to escape and run across the street to call 911. 

III. Consecutive Sentences

In Calvo’s first issue, he contends that the trial court erred by stacking the two sixty-year sentences.  In the State’s brief, it concedes that “the trial court lacked authority to stack Appellant’s sentences.  Accordingly, this Court should modify the trial court’s judgement to delete that portion ordering Appellant’s sentences to run consecutively and should then affirm the judgment as modified.”  Therefore, we sustain Calvo’s first issue.

IV. 
Expert Testimony

In his second issue, Calvo claims that the trial court erred by admitting medical testimony over objection at punishment from a nurse who was not qualified to render the medical opinions she offered at trial, and also contends that the trial court erred by summarily overruling his objection without conducting a hearing to test the reliability of Pat McConnell’s opinion testimony.  
See
 
Tex. R. Evid
. 702; 
Jordan v. State
, 928 S.W.2d 550, 553-55 (Tex. Crim. App. 1996). 

A.
 
Standard of review

The decision as to whether an expert witness is qualified to testify is a matter committed to the trial court's discretion.  
Thomas v. State
, 915 S.W.2d 597, 600 (Tex. App.—Houston [14th Dist.] 1996, pet. ref'd).  A trial court enjoys wide latitude in determining whether expert testimony is admissible.  
Hernandez v. State
, 53 S.W.3d 742, 750 (Tex. App.—Houston [1st Dist.] 2001, pet. ref’d).  The trial court abuses its discretion when its decision is so clearly wrong as to fall outside the zone of reasonable disagreement or when the trial court acts arbitrarily and unreasonably, without reference to any guiding rules or principles.  
Montgomery v. State
, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990).  A trial court's decision to admit scientific testimony likewise should not be overturned absent an abuse of discretion.  
Morales v. State
, 32 S.W.3d 862, 865 (Tex. Crim. App. 2000); 
Wyatt v. State
, 23 S.W.3d 18, 27 (Tex. Crim. App. 2000).

B. Discussion

In 1996, the Texas Court of Criminal Appeals held that its 
Kelly
 inquiry regarding the admissibility of scientific evidence was substantially identical to the 
Daubert
 inquiry. 
 Jordan
, 928 S.W.2d at 554, 
See Daubert v. Merrell Dow Pharmaceuticals, Inc
., 509 U.S. 579, 590-91, 113 S. Ct. 2786, 2795 (1993);
 see also Kelly v. State
, 824 S.W.2d 568 (Tex. Crim. App. 1992).  If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise."  
Tex. R. Evid
. 702;
 
Kelly
, 824 S.W.2d at 572. 

1. 
Reliability of Evidence

The proponent of scientific evidence bears the burden of demonstrating by clear and convincing evidence that the evidence is reliable.  
Jackson v. State
, 17 S.W.3d 664, 670 (Tex. Crim. App. 2000).  This is accomplished by showing (1) the validity of the underlying scientific theory, (2) the validity of the technique applying the theory, and (3) proper application of the technique on the occasion in question.  
Id.; Kelly,
 824 S.W.2d at 573.  The Texas Court of Criminal Appeals has held that the trial court must conduct a hearing outside the presence of the jury to determine whether the proponent has established all three criteria. 
 Massey v. State
, 933 S.W.2d 141, 152 (Tex. Crim. App. 1996); 
Kelly
, 824 S.W.2d at 573. 

At trial, Calvo objected to McConnell's testimony on the ground that the State had not qualified McConnell as an expert on the subject of the opinions she had offered concerning the HIV virus, but not on the basis that the State had failed to hold a hearing regarding whether her testimony was based on a reliable foundation.
(footnote: 2)  To preserve an issue for appeal, there must be a timely objection that specifically states the legal basis for the objection.  
Rezac v. State
, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990); 
Maldonado v. State
, 902 S.W.2d 708, 711 (Tex. App.—El Paso 1995, no pet.).  Calvo's complaint on appeal regarding the trial court’s error in failing to hold a hearing to determine the underlying reliability of McConnell’s testimony fails to comport with his trial objections; therefore we hold that he has forfeited this issue for review.  
See
 
Tex. R. App. P
. 33.1(a); 
Chisum v. State
, 988 S.W.2d 244, 250-51 (Tex. App.—Texarkana 1998, pet. ref’d) (holding objection to admission of expert’s opinion without specification of deficiency in reliability of opinion did not preserve for review issue of reliability of scientific evidence);  
see also Pouncy v. State
, No. 01-01-01048-CR, 2002 WL 31388799, at *2 (Tex. App.—Houston [1st Dist.] Oct. 24, 2003, pet. ref’d) 
(not designated for publication) (holding objection of “I object to him being in a position to give an opinion on that issue,” was general objection that did not invoke trial court’s gatekeeper function and failed to preserve error on that ground).  

2.
 
Qualification of McConnell as an Expert

In the second prong of his challenge to McConnell’s testimony, Calvo contends that the trial court erred in overruling his objection to McConnell’s testimony because the State failed to qualify her as an expert witness.  We agree, but conclude that the error is harmless.  

Rule 702 states the various methods of qualifying a witness—knowledge, skill, experience, training, or education.  
See
 
Tex. R. Evid
. 702.  Ultimately, the trial court must ensure that those who purport to be experts truly have expertise concerning the actual subject about which they are offering an opinion.  
Henderson v. State, 
77 S.W.3d 321, 324 (Tex. App.—Fort Worth 2002, no pet.) citing
 Broders v. Heise, 
924 S.W.2d 148, 152 (Tex. 1996); 
see also 
Tex. R. Evid
. 702.

During the course of McConnell’s testimony, the State elicited evidence from McConnell regarding HIV and its effects on a variety of subjects including the interpretation of T-Cell counts in determining how long a person had been HIV positive, the increase in the probability of the spread of the disease as a person’s T-Cell count drops, and the likelihood that one could spread the disease by throwing one’s urine and feces on another person. 

Although it is generally true that a licensed registered nurse has more education and training on medical issues than a layperson, a nursing license does not automatically qualify the registered nurse as an expert on every medical subject.  
Cf. Broders, 
924 S.W.2d at 152 (holding licensed medical doctor is not automatically qualified to testify as expert on every medical question).  It is the responsibility of the party seeking qualification of a nurse as an expert to show the special knowledge of the specific matter on which the nurse is to testify.  
See Ventroy v. State
, 917 S.W.2d 419, 422 (Tex. App.—San Antonio 1996, pet. ref'd).  

Here, the only question the State posed to McConnell in regard to her expert qualifications related to how long she had worked as a nurse.
(footnote: 3)  Therefore, the State failed to introduce sufficient evidence to establish that McConnell was an expert qualified to testify regarding the effects of HIV.  While McConnell’s job as a nurse almost certainly requires some knowledge of HIV, there is nothing in the record establishing that McConnell was qualified as an expert by her knowledge, skill, experience, training, or education on the effects of HIV.  Under these facts, McConnell did not qualify as an expert witness regarding the effect of HIV, and we hold it was error for the trial court to rule otherwise.

Our conclusion requires us to determine whether appellant was harmed by the trial court's error.  A violation of an evidentiary rule that results in the erroneous admission of evidence is not constitutional error.  
Johnson v. State
, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).  When a nonconstitutional error is made during trial, it will be disregarded as harmless if the error did not affect the substantial rights of the defendant. 
Tex. R. App. P. 
44.2(b);
 King v. State
, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997).  A substantial right is not affected by the erroneous admission of evidence if the appellate court after examining the record as a whole, has fair assurance that the error did not influence the jury, or had but a slight effect.  
Johnson
, 967 S.W.2d at 417. 

Prior to McConnell’s testimony, 
Leoonard Chapman, a jail detention officer, testified that on ten to fifteen occasions, he witnessed Calvo throw feces and urine on other inmates.  
It appears that the State introduced McConnell’s testimony regarding the effects of HIV to show that Calvo’s throwing of his urine and feces on other inmates could have put the inmates at risk to contract the disease.  However, Calvo himself testified that he learned that he was HIV positive in June 2004 and that he later threw his urine and feces on another inmate on November 9, 2004. 

Additionally, the jury heard evidence that Calvo, who was HIV positive, physically and sexually assaulted fifty-seven-year-old L.M. in her home.  He prevented her from escaping, head-butted and hit her repeatedly, fractured her nose, put his penis in her anus and vagina without her consent multiple times, urinated on her and bit her inner left thigh.  

Based on the foregoing testimony, we conclude that in the context of the entire case against Calvo, the trial court’s error in admitting McConnell’s testimony did not have a substantial and injurious effect on the jury's determination of punishment; thus, the error must be disregarded.  
See
 
Tex. R. App. P.
 44.2(b).  We overrule Calvo’s second issue.

V. Improper Jury Argument

In his third issue, Calvo complains that the prosecutor committed reversible error when he stated in final argument that Calvo “pissed on her and now he is pissing on you” and when he asked the jury “what do you do with a wild animal?”  However, Calvo failed to object at trial to the prosecutor's argument and, therefore, forfeited his right to complain about this issue on appeal.  
Tex. R. App. P
. 33.1;
 
Threadgill v. State, 
146 S.W.3d 654, 660-71 (Tex. Crim. App. 2004); 
Mathis v. State 
 67 S.W.3d 918, 926-27 (Tex. Crim. App. 2002).  Accordingly, we overrule Calvo’s third issue.

VI. 
Conclusion

Having sustained Calvo’s first issue, and overruled his second and third issues,
 we modify the trial court’s judgment to delete that portion ordering Calvo’s sentences to run consecutively.  We affirm the trial court’s judgment as modified.  
See
 Tex. R. App. P
. 43.2(b).

BOB MCCOY

JUSTICE

PANEL B: LIVINGSTON, HOLMAN, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: May 4, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.

2:
At trial, when McConnell was asked whether there was a way to measure how far along a person is in their HIV status, Calvo objected that “[a]s a nurse I don’t think the qualifications have been established for opinion testimony.”

3:
In response to the State’s questioning, McConnell testified that she had been employed as a nurse “probably more years than you are old.”  She also testified that she had been working as a nurse at the Tarrant County Jail for approximately two and a half years.