Affirmed and Memorandum Opinion filed April 22, 2008








Affirmed and Memorandum Opinion filed April 22, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00293-CR

____________

 

LEO JONES OUSLEY, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 177th
District Court

Harris County, Texas

Trial Court Cause No. 1049876

 



 

M E M O R A N D U M  O P I N I O N

Appellant was convicted of arson and sentenced to
confinement for 25 years in the Texas Department of Criminal Justice,
Institutional Division.  Appellant challenges his conviction, asserting that
the evidence is factually insufficient to sustain the conviction.  We affirm.








     I.  Factual
and Procedural Background

Appellant, Leo Jones Ousley, was in the custody of Harris
County on December 10, 2005.  Appellant was assigned to a double-door lockdown
area, where he was confined to a single-person cell.  After the facility nurse
made morning rounds, Appellant became upset when he realized that he did not
receive his prescribed medications.  He immediately began sending intercom
messages to the security station, requesting his medications.  Upon receiving
the messages, the deputy at the control panel contacted the clinic to
investigate Appellant=s complaint.  

Appellant continued to send intercom messages requesting
his medication, despite assurances from the deputy that he was working to
resolve the problem.  The deputy testified that Appellant=s intercom
messages escalated to the point where Appellant threatened to Aburn the
[building] down@ and stated that if he did not receive his
medications in five minutes, the officers Awould be smelling
something.@  Within five minutes, security received notification
that a fire alarm had been activated in Appellant=s cell block.  The
deputy at the control panel sent other deputies to investigate.  One deputy
testified that he saw a fire in Appellant=s cell with a base
of nine to twelve inches and flames that were approximately fifteen inches
high.  Appellant added additional combustible materials to the fire and
threatened the deputies responding to the fire alarm.  Another deputy testified
that he retrieved a fire extinguisher to put out the fire, at which time he saw
that the fire had a twelve to sixteen inch base with flames that were
approximately twelve to eighteen inches high.  

After extinguishing the fire and escorting Appellant away
from the scene, two deputies examined Appellant=s cell and
documented their findings with a digital camera.  Based on this investigation,
the deputies testified that the fire started when two pieces of pencil lead
were placed in each side of an electrical socket, and a third piece of pencil
lead wrapped in toilet paper was used to cause a spark. 








Appellant was tried before a jury and convicted of arson. 
Appellant timely filed this appeal, asserting that the evidence is factual
insufficient to sustain the conviction.  We affirm.

                                           II.  Issue
and Analysis

When reviewing the factual sufficiency of the evidence, we
view all the evidence in a neutral light, favoring neither party.  See Watson
v. State, 204 S.W.3d 404, 408 (Tex. Crim. App. 2006).  Although not
determinative, the existence of an alternative reasonable hypothesis may be
relevant to a factual sufficiency review.   Wilson v. State, 7 S.W.3d
136, 141 (Tex. Crim. App. 1999); Villani v. State, 116 S.W.3d 297, 304
(Tex. App.CHouston[14th Dist.] 2003, pet. ref=d).   To reverse
for lack of factual sufficiency, we must determine, with some objective basis
in the record, that the great weight and preponderance of the evidence
contradicts the verdict.  Watson, 204 S.W.3d at 408.  We may set the
verdict aside if: (1) the evidence is so weak that the verdict is clearly wrong
or manifestly unjust, or (2) the verdict is against the great weight and
preponderance of the evidence.  Id. at 414-15.  However, our evaluation
must not intrude upon the fact finder=s role as the sole
judge of the weight and credibility given to any witness=s testimony.  See
Fuentes v. State, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999).  We
may not simply substitute our judgment for the judgment of the fact-finder.  Cain
v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We cannot
conclude that a conviction is clearly wrong or manifestly unjust simply because
we would have decided the case differently than the jury or because we disagree
with the jury=s resolution of a conflict in the evidence.  Watson,
204 S.W.3d at 410.     








In addressing factual sufficiency, the reviewing court
generally includes a discussion of the most important and relevant evidence
that supports the appellant=s complaint on appeal.  Sims v. State,
99 S.W.3d 600, 603 (Tex. Crim. App. 2003).  Moreover, a court reversing and
remanding on factual insufficiency grounds must detail all the evidence and
clearly state why the finding in question is factually insufficient.  Goodman
v. State, 66 S.W.3d 283, 287 (Tex. Crim. App. 2001).  

A person commits arson if the person starts a fire with
intent to destroy or damage a building.  Tex. Pen. Code Ann. ' 28.02 (Vernon
2005).  To establish the corpus delicti of arson, the state must produce
evidence that someone designedly set the fire.  Id.  AThe essential
element of the crime of arson is the wilful burning of the building, without
which the crime has not been committed.  Proof merely that the building burned
is not sufficient to establish that fact.  There must be some proof, direct or
circumstantial, of the wilful burning of the building.@  Wheeler v.
State, 35 S.W.3d 126, 134-35 (Tex. App.CTexarkana 2000,
pet. ref=d) (citations
omitted).  Although presence at the scene alone is insufficient to support a
conviction, it may be sufficient when combined with other direct or
circumstantial evidence.  Thomas v. State, 915 S.W.2d 597, 599 (Tex.
App.CHouston [14th
Dist.] 1996, pet. ref=d). The cumulative force of all the
incriminating circumstances may be sufficient to warrant a guilty verdict.  Id.
at 600.

In the present case, Appellant asserts that the evidence
merely showed that he was present at the scene of the fire, but that the evidence
was factually insufficient to show that he started the fire with intent to
destroy or damage the building.  Appellant points to the fact that the State
was unable to present testimony from a witness who observed Appellant placing
anything, including pencil lead, into the wall outlet in his cell. 
Additionally, Appellant alludes to the alternative theory that another inmate
could have placed pencil lead in the outlet before Appellant was confined to
the cell.  Although Appellant argues that no witnesses observed him start the
fire, circumstantial evidence can lead a rational jury to determine beyond a
reasonable doubt that a defendant set a fire with the intent to damage or
destroy.  See Wheeler, 35 S.W.3d at 136.  Further, the cumulative force
of all the incriminating circumstances can be sufficient to warrant a
conclusion of guilt.  Thomas, 915 S.W.2d at 599.

 








The
jury heard testimony describing the double-door lockdown area, where Appellant
was confined in a single-person cell.  The deputy at the control panel
testified that after Appellant sent an intercom message requesting his
medication, he sent further messages claiming that he was going to Aburn the
[building] down,@ and that if he didn=t get his
medication in five minutes then the deputy Awould be smelling
something.@  A second deputy testified that he saw the fire,
observed Appellant adding combustible materials to the fire, and noted the
damage done to the structure after the fire.  This deputy also testified that
the fire started from placing pencil lead into the wall outlet.  Additionally,
the jury heard testimony from the shift supervisor who investigated the fire
and took digital pictures of the scene.  The jury heard this witness testify as
to his determination that the source of ignition for this fire was Appellant
taking two pieces of pencil lead, placing them on each side of an electrical
socket, and using a third piece of lead wrapped in toilet paper to cause a
short circuit and a spark.  The jury also viewed pictures of the single-person
cell, including a picture of the third piece of lead found on the ground near
the outlet.  The jury heard testimony that if left inside an outlet for long
enough, the lead could spontaneously combust.  However, the theory of
spontaneous combustion ignores the third piece of lead found on the ground near
the outlet, which the deputy testified was likely the source of conduction
between the other two pieces of lead.  

After reviewing all the evidence in a neutral light, we
find that the evidence is factually sufficient to support the conviction.

III.  Conclusion

Accordingly, we affirm the trial court=s judgment.

 

/s/      Norman Lee

Senior Justice

 

Judgment
rendered and Memorandum Opinion filed April 22, 2008.

Panel
consists of Justices Yates, Guzman, and Lee.[1]

Do Not
Publish C Tex. R. App. P. 47.2(b).









[1]  Senior Justice Norman Lee sitting by assignment.