**Daniel Aaron PEREZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–02–00139–CR.**

Court of Appeals of Texas,
San Antonio.

Jan. 8, 2003.

Sam H. Lock, San Antonio, for appellant.

W.C. Kirkendall, District Attorney, Frank Follis, Assistant District Attorney, Seguin, for appellee.

Sitting: CATHERINE STONE, Justice, PAUL W. GREEN, Justice, SANDEE BRYAN MARION, Justice.

Opinion by CATHERINE STONE, Justice.

Daniel Aaron Perez ("Perez") pled guilty to possession of a controlled substance after the trial court denied his motion to suppress. Perez contends that the trial court erred in denying his motion. We overrule Perez's contention and affirm the trial court's judgment.

## BACKGROUND

Officer John Eisen was dispatched to respond to a disturbance call. Upon arriving, Officer Eisen saw a female, Billie Villareal, standing on the porch talking on a phone, while Perez stood a few feet away in the yard. Officer Eisen approached Villareal, and she told him that she wanted Perez, who was the father of her two children, off the property. Officer Eisen testified that he could tell that Villareal had been drinking.

Officer Eisen approached Perez, who stated that he came to Villareal's home because she had not called him at the time they had designated and she did not answer her phone. When Perez arrived, another male was in the house which upset him. Officer Eisen discovered that the couple's two children were in the Jeep that Perez had driven to the house. The Jeep was still running. The children were asleep in the Jeep, and it was cold outside. The children were approximately 5 and 3, and they were unsecured in the back seat.

Officer Eisen testified that Perez had a strong odor of alcohol about his breath and body. Perez was swaying, and he was uncooperative and aggressive. Perez admitted that he had been drinking. Officer Eisen found the remainder of a six-pack of beer in the Jeep together with an open beer sitting on the console. After Officer Eisen conducted a series of field sobriety tests, he arrested Perez for public intoxication. Another officer and a sergeant had arrived at the scene, and Officer Eisen left them to take care of the Jeep. Officer Eisen told the other officer to collect Per-

ez's personal property from the Jeep. Officer Eisen stated that Perez had a wallet in the Jeep, and the officers did not like to leave personal property in vehicles without inventorying it and putting it with the arrestee's other property. Officer Eisen testified that the Jeep was secured and left at the scene at Perez's request after Perez's personal property was taken out of it. Officer Eisen testified that the department's policy was to inventory the vehicle and to take any valuable personal belongings to the police department to be kept with Perez's other property.

Officer Kenneth Gumm testified that when he arrived on the scene, Officer Eisen had already left. Officer Gumm was at the scene to assist in the handling of the Jeep and the children. When Officer Gumm arrived, the Jeep was parked facing opposite traffic, and the two children were in the back. Officer Eisen contacted Officer Gumm and requested that he secure the vehicle and attempt to obtain Perez's sister to collect the children. As Officer Correu was attempting to legally park the Jeep, he discovered Perez's wallet and advised Officer Gumm that the wallet contained money. Officer Gumm testified that department policy required that anything of monetary value be secured with the subject at the police department. Officer Gumm opened the wallet to count the money. While counting the money, Officer Gumm opened a dollar bill, and a white powder started coming out of the dollar bill. Officer Gumm immediately closed the dollar bill, suspecting that the white powder was cocaine. Officer Gumm secured the wallet and took it to the police department. Officer Gumm later determined that the white powder was cocaine. The wallet was inventoried and placed with Perez's property.

### STANDARD OF REVIEW

A trial court's ruling on a motion to suppress is reviewed for abuse of discretion. *Balentine v. State*, 71 S.W.3d 763, 768 (Tex.Crim.App.2002). We give almost total deference to the trial court's determination of historical facts and review the application of the law to the facts de novo. *Id.*

### DISCUSSION

■ Perez contends that the seizure of the wallet cannot be justified pursuant to an inventory search because his Jeep was not impounded. Before an inventory search is lawful, there must first be a lawful impoundment. *Daniels v. State*, 600 S.W.2d 813, 814 (Tex.Crim.App.1980); *Benavides v. State*, 600 S.W.2d 809, 810 (Tex.Crim.App.1980). The police may impound a vehicle that is parked in violation of parking ordinances. *Benavides*, 600 S.W.2d at 811. Accordingly, the police had the authority to impound Perez's Jeep because it was illegally parked and remained running. *See id.* Perez contends that because Officer Eisen exercised his discretion to permit Officer Gumm and Officer Correu to park and lock the Jeep, the Jeep was not lawfully impounded. *See Colorado v. Bertine*, 479 U.S. 367, 376–77 n. 7, 107 S.Ct. 738, 93 L.Ed.2d 739 (1987) (noting parking and locking vehicle alternative to impoundment where conditions met to protect vehicle and its content).

Inventory procedures serve to protect an owner's property against claims of lost, stolen, or vandalized property. *Colorado v. Bertine*, 479 U.S. at 373, 107 S.Ct.738. "In applying the reasonableness standard adopted by the Framers [of the United States Constitution, the United States Supreme] Court has consistently sustained police intrusions into automobiles impounded or otherwise in lawful police custody where the process is aimed at securing or protecting the car and its contents."

*South Dakota v. Opperman,* 428 U.S. 364, 374, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976)

 Although Officer Eisen exercised his discretion in permitting the Jeep to be parked and locked, as opposed to impounded, the Jeep still needed to be legally parked, and the keys needed to be removed. Accordingly, the Jeep was lawfully in police custody for that purpose when the wallet was seized and inventoried pursuant to standard police procedures. Because the evidence showed the officers had the authority to impound the vehicle and were engaged in the caretaking function of securing the Jeep when the wallet was seized, the trial court did not abuse its discretion in denying Perez's motion to suppress.

### CONCLUSION

The judgment of the trial court is affirmed.