NO. 07-10-00452-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

NOVEMBER 2, 2012

JOHNNY LEE HARRIS, JR., APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 46TH DISTRICT COURT OF WILBARGER COUNTY;

NO. 11,372; HONORABLE DAN MIKE BIRD, JUDGE

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Johnny Lee Harris, Jr., appeals from his conviction by jury of the offense of causing serious bodily injury to a child and the resulting sentence of forty-five years of imprisonment. Through six issues, appellant contends the trial court erred. We will affirm the judgment of the trial court.

Background

Appellant was charged by an indictment alleging that he "intentionally or knowingly caused serious bodily injury to [E.H], a child 14 years of age or younger, by striking the said [E.H] with an object or objects unknown to the Grand Jury or by striking

the said [E.H.] against an object or objects unknown to the Grand Jury."[1]  The indictment also included an enhancement provision setting forth his previous final felony conviction for burglary of a habitation.  Appellant plead not guilty and went to trial before a jury.

The jury charge gave the jury the options of finding appellant not guilty, or finding him guilty of the indicted offense of intentionally or knowingly causing serious bodily injury to the child, guilty of the lesser offense of recklessly causing her serious bodily injury, or guilty of the lesser offense of causing her such injury with criminal negligence.

The State's evidence showed six-month-old E.H. was injured while she was under appellant's care at his residence.  The mother of the child testified she returned home from doing the laundry after receiving a call from appellant telling her the baby was not breathing.  Appellant explained he had fallen while holding the baby.

The jury convicted appellant of the most serious of the offenses contained in the jury charge.  This appeal followed.

Analysis

Limitation on Voir Dire

During his voir dire of the venire, appellant sought to ask prospective jurors the question, "Could you convict someone without knowing how that child was injured?" The trial court sustained the State's objection to the question.  Appellant's first issue

---

[1] Tex. Penal Code Ann. § 22.04(e) (West 2010).

asserts the trial court erred by that ruling.  Appellant argues his proposed question was a proper commitment question.   We will overrule the issue.

We agree with appellant his proposed question was a commitment question, because it sought to obtain a commitment from prospective jurors to resolve the issue of his guilt by reference to the evidence of a particular fact, *i.e.*, "how the child was injured."  *See Standefer v. State*, 59 S.W.3d 177, 179 (Tex.Crim.App. 2001) (defining commitment questions as "those that commit a prospective juror to resolve, or to refrain from resolving, an issue a certain way after learning a particular fact"); *Atkins v. State,* 951 S.W.2d 787, 796-97 (Tex.Crim.App. 1997) (question phrased in manner similar to that in this case).

We cannot, however, agree with appellant it was a proper question.   A commitment question is improper when the law does not require the commitment sought, such that the prospective juror would not be subject to a valid challenge for cause by being influenced by the particular fact described in the question, or even if the question meets the challenge for cause requirement, it also includes facts in addition to those necessary to establish a challenge for cause.  *Sanchez v. State*, 165 S.W.3d 707, 712 (Tex.Crim.App. 2005).

From comments during appellant's preservation of his issue, it appears the trial court viewed the proposed question as asking if the juror could convict him without knowing the manner by which the child was injured.  The court's view of the somewhat ambiguous question was reasonable.  Would appellant be entitled to acquittal if the State's proof showed he caused serious bodily injury to E.H. but did so in a manner

3

different than striking her with or against an object?  No.  *See Johnson v. State,* 364 S.W.3d 292, 293, 298-99 (Tex.Crim.App. 2012)  (in aggravated assault prosecution, variance between pleading defendant caused serious bodily injury by hitting victim with his hand or by twisting her arm and proof he caused the injury by throwing her against the wall was immaterial, not rendering evidence insufficient).  In the State's prosecution of appellant for injury to a child, such a variance would be one involving a non-statutory allegation not involving the allowable unit of prosecution for the offense, and would be immaterial. *See* Tex. Penal Code Ann. § 22.04(a) (West 2010) (person commits offense if with required culpability, he "causes" injury);  *Williams v. State*, 235 S.W.3d 742, 750 (Tex.Crim.App. 2007) (injury to child is an assaultive, result-of-conduct offense); *Jefferson v. State,* 189 S.W.3d 305, 312 (Tex.Crim.App. 2006) (jury unanimity analysis, holding essential element or focus of injury to child statute is result of conduct "and not the possible combinations of conduct that cause the result"; thus whether act or omission caused injury was not element of offense as to which jury unanimity was required); *Alvarado v. State*, 704 S.W.2d 36, 39 (Tex.Crim.App. 1985) (under injury to child statute, nature of conduct is inconsequential so long as conduct is voluntary and done with the required culpability).[2]  The hypothetically correct jury charge for the case need not incorporate allegations that give rise to immaterial variances.  *Gollihar v. State*, 46 S.W.3d 243, 256 (Tex.Crim.App. 2001).[3]

---

[2] *See also* Judge Cochran's concurring opinion in *Jefferson,* 189 S.W.3d at 315 ("the specifics of how the defendant caused serious bodily injury are not the gravamen of the offense and not the statutorily prohibited conduct").

[3] This does not mean appellant was not entitled to notice of the conduct the State alleged caused his guilt.  *See Gollihar*, 46 S.W.3d at 257 n.24.

4

A commitment to resolve the issue of appellant's guilt by reference to the evidence of "how" E.H. was injured is thus not a commitment the law required of prospective jurors in his case. A panel member's unwillingness to make such a commitment would not give rise to a valid challenge for cause. *See Sanchez*, 165 S.W.3d at 712 (proper voir dire question attempts to discover panel member's preexisting bias or prejudice). Consequently, appellant's proposed question was not a proper commitment question, and the trial court did not abuse its discretion by sustaining the State's objection to the question.

Admission of Appellant's Statements

During the guilt-innocence phase of trial, appellant moved to suppress an oral statement and two written statements he gave police. The trial court denied appellant's motion and admitted the statements. By appellant's second, third and fourth issues, he contends the statements should not have been admitted into evidence because he was in custody when the statements were made and the requirements of article 38.22 were not met. Tex. Code Crim. Proc. Ann. art. 38.22 (West 2010). He also argues his first written statement was not freely and voluntarily given. Tex. Code Crim. Proc. Ann. art. 38.21 (West 2010).

We review a trial court's ruling on the admissibility of an oral or written statement under a bifurcated standard of review. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex.Crim.App. 2000). We afford almost total deference to the trial court's determination of historical facts that the record supports, especially when the fact findings are based on an evaluation of the witnesses' credibility and demeanor.

5

S.W.2d 85, 88-89 (Tex.Crim.App. 1997); *Perez v. State*, 103 S.W.3d 466, 468 (TexApp.--San Antonio 2003, no pet.). We review *de novo* the court's application of the law to the facts. *Guzman*, 955 S.W.2d at 89; *Perez*, 103 S.W.3d at 468.

Article 38.22 applies only to statements made as a result of custodial interrogation. *See* Tex. Code Crim. Proc. Ann. art. 38.22, § 5 (West 2010) (nothing in article precludes admission of statement made by accused if statement does not stem from custodial interrogation). "A person is in 'custody' only if, under the circumstances, a reasonable person would believe that his freedom of movement was restrained to the degree associated with a formal arrest." *Dowthitt v. State,* 931 S.W.2d 244, 254 (Tex.Crim.App. 1996) (*citing Stansbury v. California*, 511 U.S. 318, 114 S.Ct. 1526, 128 L.Ed.2d 293 (1994)); *accord Herrera v. State*, 241 S.W.3d 520, 525 (Tex.Crim.App. 2007).

The oral statement appellant sought to exclude was given to an officer who responded to the dispatch of a "baby not breathing." She testified she arrived at the residence as E.H. was being loaded into the ambulance. The officer said she walked back into the house with appellant. She detected the odor of burnt marijuana, and saw appellant open a window. Appellant admitted to smoking a "joint" in the bedroom.

In response to the officer's inquiry as to the cause of E.H.'s injuries,[4] the officer testified appellant "said that he was holding the baby in his arms, she stopped

---

[4] *See Jones v. State,* 795 S.W.2d 171, 174 fn.3 (Tex.Crim.App. 1999) (noting routine inquiries such as "what happened" on arrival at the scene of a crime are not interrogation).

breathing. He was feeding her with a bottle and she just stopped breathing." The officer told the trial court that at that time, she was conducting an investigation of the child's injuries and had not placed appellant under arrest or given *Miranda* warnings.

The trial court determined the oral statement was non-custodial because appellant was "not physically deprived of his freedom of action in any significant way. No one told him…he could not leave….38.22 does not apply…". We agree with the trial court's conclusion that appellant's oral statement, given at that early stage in the investigation into E.H.'s injuries, was non-custodial. We find no error in the trial court's admission of the statement.

Later the same day, appellant agreed to accompany another officer to the hospital for a blood draw in connection with his admitted use of marijuana. The officer testified that when he and appellant returned to the officer's unmarked patrol car in the hospital's parking lot, he asked appellant if he would give a written statement. Appellant agreed, and, while sitting in the patrol car, wrote a statement on a form containing the warnings required by article 38.22.[5] The statement contains the admission appellant smoked a joint while the two older children napped and E.H. was in her play pen. It also contains this statement: "[E.H.] was ok then she cried different. She went quite [sic] and I went to check and she wasn't breathing she had changed color so I tried to do what I could. I couldn't do nothing. So I called [E.H.'s mother] and went outside and the next door neighbor help as she was a nurse."

---

[5] Asked why he used a form containing the warnings if he did not regard his questioning as custodial, the officer stated it was "quite possible it could have been the only statement form I had at the time. I honestly don't remember why I used the form."

The officer testified appellant was not placed under arrest nor was his freedom of movement restricted at that time. After appellant wrote the statement, the officer drove appellant home. Asked if he read appellant the article 38.22 warnings printed on the form, the officer said he believed he did. The trial court stated its acceptance of the officer's statement, and found that if the statement was the result of custodial interrogation, it nonetheless was admissible because it complied with article 38.22. The record supports the trial court's conclusion, and we find no error in his admission of the statement.

Appellant also argues this written statement was not voluntary. Whether a statement was voluntarily made is determined by the totality of the circumstances surrounding its acquisition. *Wyatt v. State,* 23 S.W.3d 18, 23 (Tex.Crim.App. 2000); *Penry v. State,* 903 S.W.2d 715, 744 (Tex.Crim.App. 1995). If a statement of the accused is freely given and voluntarily made without any use of persuasion or compulsion, then it is admissible. Tex. Code Crim. Proc. Ann. art. 38.21 (West 2010); *see also Wyatt,* 23 S.W.3d at 23. A statement is not voluntary if there was "official, coercive conduct of such a nature that any statement obtained thereby was unlikely to have been the product of an essentially free and unconstrained choice." *Alvarado v. State,* 912 S.W.2d 199, 211 (Tex.Crim.App. 1995). If voluntariness is raised by the defendant, the State must prove by a preponderance of the evidence that the statement was given voluntarily. *Id.* The trial court is the sole judge of the weight and credibility of the evidence, and the court's finding on voluntariness will not be disturbed absent an abuse of discretion. *Id.*

The statement appears in appellant's handwriting. He was in a police car at the time he wrote the written statement, but we see nothing to suggest he was subject to coercive conduct. The record supports the trial court's conclusion the statement was freely and voluntarily given. See Tex. Code Crim. Proc. Ann. art. 38.21 (West 2010).

About two weeks later, after police received a medical report they regarded as inconsistent with appellant's versions of the causes of E.H.'s injuries, an officer asked appellant to come to the police station. Appellant agreed to meet the officer there. Officers told appellant the medical evidence was inconsistent with his previous statements. While in an interview room at the station, appellant gave a second written statement. This statement was recorded on a police statement form that did not include *Miranda* warnings, and no warnings were given. In this statement, appellant said he was holding E.H., their dog "got under my feet" and he fell, letting go of E.H. to keep from falling on top of her.

Appellant was not placed under arrest and he left the station after giving the statement. The officer testified appellant was never told he was not free to leave, and his freedom of movement was not limited. The officer told the court that if appellant had asked to leave the station, he would have been permitted to do so. The trial court determined the statement was "non-custodial . . . for the same reasons that the Court has previously held with respect to the statement made to [the officer] about the marihuana use." We see no abuse of discretion in the trial court's conclusion. Moreover, even if we are mistaken, admission of the statement could not present reversible error because at trial, E.H.'s mother testified, without objection, that appellant

9

also told her the dog got under his feet, causing him to fall and drop E.H. *See Lane v. State,* 151 S.W.3d 188, 193 (Tex.Crim.App. 2004) (error, if any, in admission of evidence cured where same evidence comes in elsewhere without objection).

When viewed in the light most favorable to the trial court's ruling, and deferring to the trial court's determination of the credibility and demeanor of witnesses, we find the record supports the court's admission of each of appellant's three statements. We overrule appellant's second, third, and fourth issues.

Sufficiency of the Evidence

In appellant's fifth issue, he contends the evidence is insufficient to support his conviction. In reviewing a challenge to its sufficiency, we examine the evidence to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Brooks v. State,* 323 S.W.3d 893 (Tex.Crim.App. 2010). The standard "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson,* 443 U.S. at 319; *Rollerson v. State,* 227 S.W.3d 718, 724 (Tex.Crim.App. 2007). The sufficiency review is conducted by comparing the evidence presented with the hypothetically correct jury charge for the offense. *Malik v. State*, 953 S.W.2d 234, 239 (Tex.Crim.App. 1997). It is not necessary that every fact point directly and independently to an accused's guilt, but it is enough if the conclusion is warranted by the combined and cumulative force of all the incriminating circumstances. *Hooper v. State,* 214 S.W.3d 9, 13 (Tex.Crim.App. 2007).

Appellant's sufficiency challenge focuses on the evidence he caused E.H.'s injuries intentionally or knowingly. As noted, a person commits first-degree injury to a child if he intentionally or knowingly causes serious bodily injury to a child fourteen years of age or younger. Tex. Penal Code Ann. § 22.04(e) (West 2010).

Because injury to a child is a result-of-conduct offense, the culpable mental state relates not to the nature of or the circumstances surrounding the defendant's charged conduct, but to the result of the conduct. *Patterson v. State*, 46 S.W.3d 294, 301 (Tex.App.--Fort Worth 2001, pet. ref'd); *see Williams,* 235 S.W.3d at 750 (noting injury to child is "result-oriented offense requiring a mental state that relates not to the specific conduct but to the result of that conduct"). Under the Penal Code, a person acts intentionally, or with intent, with respect to a result of his conduct when it is his conscious objective or desire to cause the result. Tex. Penal Code Ann. § 6.03(a) (West 2003). A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result. Tex. Penal Code Ann. § 6.03(b) (West 2003). Thus, proof that a defendant knowingly caused injury to a child requires evidence that he was aware with reasonable certainty that the injury would result from his conduct. *Patterson*, 46 S.W.3d at 302.

A defendant's culpable state of mind is almost invariably proven by circumstantial evidence. *Morales v. State*, 828 S.W.2d 261, 263 (Tex.App.--Amarillo 1992), aff'd, 853 S.W.2d 583 (Tex.Crim.App. 1993); *accord, Montgomery v. State*, 198 S.W.3d 67, 87 (Tex.App.--Fort Worth 2006 pet. ref'd). Intent can be inferred from the acts, words and

conduct of the accused, and from the extent of the victim's injuries and the relative size and strength of the parties. *Patrick v. State,* 906 S.W.2d 481, 487 (Tex.Crim.App. 1995).

The mother of E.H. testified she was living with appellant, and left her three children with him while she went to do the laundry. E.H. was "fine" when she left. Appellant called her later that afternoon and told her E.H. was not breathing. She returned home and found E.H. limp and pale. Appellant told her he "fell" with E.H. in his arms. As noted, a couple of weeks later, appellant told her the dog caused him to fall and he dropped E.H. so he would not fall on the child.

A registered nurse who owned property nearby testified she saw appellant in the front yard of the residence that day with a limp baby. She noticed the baby had "agonal respirations," usually associated with death.

E.H. was transferred by air ambulance to Cook Children's Hospital in Fort Worth. The medical director of the child abuse program at Cook testified she examined E.H. the morning after her injuries. E.H. suffered a skull fracture, a subdural hemorrhage, and retinal hemorrhages. As a result of her injuries, E.H. has a seizure disorder, is developmentally delayed, and has cortical blindness and other brain damage. Her injuries were limited to her head and eyes; the doctor found no bruises, broken bones or other indications of injury to other parts of the six-month-old's body.

For her injuries to have been caused by a fall, the doctor opined, E.H. would have had to fall from twenty to thirty feet. In response to a question asking "what kind of action would have caused these injuries," the doctor testified, "It would have to be a violent action. We know she had a skull fracture so there had to be some impact, but

12

the degree of retinal hemorrhages and subdural [sic], I believe it had to be shaking and impact." The doctor also offered her opinion, based on the extent of the injuries and the child's medical history, that E.H.'s injuries were intentionally caused. She agreed that the "most likely scenario" causing the injuries was an impact from striking the head of the child against an object or an object striking the head of the child.[6]

From one or more of appellant's own statements, the jury was free to believe E.H. was in his arms when her serious injuries occurred, and that actions he took led to her injuries. The medical opinion evidence is that the injuries were caused by a violent action involving both shaking and impact. Appellant gave several versions of the occurrence of E.H.'s serious injuries, none of them consistent with the medical evidence and the undisputed circumstances under which the injuries occurred.[7] Viewing the evidence in the light most favorable to the jury's verdict, and based on "the combined and cumulative force of all the incriminating circumstances," *Hooper,* 214 S.W.3d at 13,

---

[6] Appellant raised objections to the doctor's opinion testimony. That the testimony was objected-to does not concern us here because the scope of a review of the sufficiency of evidence under the *Jackson v. Virginia* standard includes all the evidence the jury heard, whether properly or improperly admitted. *Castro v. State,* No. 07-11-00289-CR, 2012 Tex.App. LEXIS 6233, at *7 (Tex.App.—Amarillo July 30, 2012, no pet.) (mem. op., not designated for publication), *citing Conner v. State,* 67 S.W.3d 192, 197 (Tex.Crim.App. 2001).

[7] A jury may infer from a person's lying that "he had something to hide." *Couchman v. State,* 3 S.W.3d 155, 164 (Tex.App.-Fort Worth 1999, pet. ref'd). As we noted on somewhat similar facts in *Aleman v. State,* No. 07-08-00442-CR, 2010 Tex.App. LEXIS 8530, at * 13-14 (Tex.App.—Amarillo Oct. 25, 2010, pet. ref'd) (mem. op., not designated for publication), the inference may have limited strength as evidence appellant's mental state was intentional or knowing rather than reckless or negligent, but the jury rationally could have given it some weight.

we find the jury rationally could have concluded beyond reasonable doubt not only that appellant's conduct caused the injuries but that his violent actions were accompanied at the least by an awareness they were reasonably certain to cause the injuries the child suffered, if not a conscious desire to cause them. Evidence supporting either an intentional or knowing mental state will support the jury's general verdict. *Patterson*, 46 S.W.3d at 300. We overrule appellant's fifth issue.

Jury Instruction on Lesser-Included Offense

In appellant's last issue, he argues the trial court erred by not including in the jury charge his requested instruction on assault as a lesser-included offense. We overrule the issue.

A defendant's entitlement to a lesser-included offense instruction is determined under the two-pronged test outlined in *Rousseau v. State.* 855 S.W.2d 666, 672-73 (Tex.Crim.App. 1993); *Grey v. State*, 298 S.W.3d 644, 645 (Tex.Crim.App. 2009). *See* Tex. Code Crim. Proc. Ann. art. 37.09 (West 2010) (providing four categories illustrating lesser-included offenses). By the first prong, the court determines whether the requested lesser offense is a lesser-included offense of the charged offense. That is a question of law, answered by examining the statutory elements of the charged offense**,** as modified by the indictment, and comparing them with the elements of the lesser offense. *Hall v. State*, 225 S.W.3d 524, 535-36 (Tex.Crim.App. 2007). Under the second prong, we consider the evidence adduced at trial, determining whether there is some evidence in the record from which a jury rationally could find that if the defendant is guilty, he is guilty only of the lesser-included offense. *Id.* at 536.

The indictment charged appellant with intentionally or knowingly causing serious bodily injury to E.H., a child 14 years of age or younger, by striking her with or against an object. Tex. Penal Code Ann. § 22.04(e) (West 2010). Appellant's contention is that he was entitled to a lesser-included offense instruction based on the form of assault described in section 22.01(a)(1) of the Penal Code. By that section, a person commits assault if he intentionally, knowingly, or recklessly causes bodily injury to another. Tex. Penal Code Ann. § 22.01(a)(1) (West 2010).

There is no evidence in the record indicating E.H. was not a child under 14 years of age, nor is there evidence her bodily injuries were less than serious. *See* Tex. Penal Code Ann. § 1.07(a)(46) (West 2010) (defining serious bodily injury). There is thus no evidence that if guilty, appellant is guilty only of assault as described in section 22.01(a)(1). The trial court did not err by denying appellant's request for a jury instruction for assault.

Having resolved each of appellant's issues against him, we affirm the judgment of the trial court.

James T. Campbell<br>
Justice

Do not publish.