Affirmed and Memorandum Opinion filed August 14, 2007








Affirmed and Memorandum Opinion filed August 14, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00837-CR

____________

 

MANUEL FUENTES MEJIA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 337th
District Court

Harris County, Texas

Trial Court Cause No. 1084702

 



 

M E M O R A N D U M   O P I N I O N

A jury convicted appellant, Manuel Fuentes Mejia, of
aggravated robbery and sentenced him to fifteen years= confinement in
the Texas Department of Criminal Justice, Institutional Division.  On appeal,
appellant challenges the legal and factual sufficiency of the evidence
supporting his conviction.  Because the evidence is sufficient to support
appellant=s conviction, we affirm.








I.        Factual
and Procedural Background

At around 11:00 p.m. on February 28, 2006, the complainant,
Rangel Mendoza, and his wife and their baby daughter were doing laundry at a
laundromat in the North Houston area.  While they were sitting in their minivan
outside the building waiting for their clothes to dry, a truck pulled up behind
them.  Several men,[1]
including appellant, approached their minivan; one man tapped on the driver=s side window with
a black gun, and appellant stood at the passenger=s side window. 
The armed man on Mendoza=s side of the minivan took Mendoza=s wallet and
ordered him out of the vehicle.  As Mendoza exited the minivan, that individual
climbed into the driver=s seat.  Mendoza=s wife, who was
holding their baby, then exited the vehicle.  Appellant and another co-actor
escorted Mendoza and his family into the laundromat; both of the assailants
were armed with Apistols.@ 

Once inside, Mendoza and his family initially were ordered
to the back of the building, while appellant and his co-actor remained at the
front counter with a laundromat employee.  However, appellant=s armed accomplice
soon went to the back and forced Mendoza to the front counter area to try to
open a coin machine.  Mendoza was unable to open the machine.  While Mendoza
was at the counter, he saw appellant holding the laundromat employee at
gunpoint.  Appellant threatened to kill the employee if he did not open the
coin machine.  Appellant=s armed co-actor fired his gun into the
floor when appellant made this threat.  After they took the money from the cash
register and were unable to access the money in the coin machine despite their
threats, appellant and his accomplice left the scene in Mendoza=s minivan.








Several hours later, appellant ran a stop sign while
driving the minivan.  When a police officer attempted to initiate a traffic
stop, appellant refused to stop.  He instead sped up, veered across the street
into the opposite lane of traffic, and drove over a curb into a nearby empty
field.  When the van came to a stop, appellant and his passenger fled from the
vehicle, evading the officer on foot even though the officer ordered them to
stop.  The officer managed to capture the passenger, but appellant eluded him. 
After numerous other officers arrived as back-up, including a K-9 unit, a
police dog discovered appellant hiding in the field underneath some grass. 
Appellant was arrested, and police verified the minivan belonged to Mendoza and
recovered some of Mendoza=s property inside.

Appellant was charged by indictment with the offense of
aggravated robbery.  On September 18, 2006, a jury found him guilty as charged. 
The jury assessed punishment at fifteen years= confinement in
the Texas Department of Criminal Justice, Institutional Division.  Appellant
timely filed notice of appeal.

II.       Issues
and Analysis

Appellant contends the evidence is legally and factually
insufficient to prove that he committed the offense of aggravated robbery as
alleged in the indictment because there is no evidence to support a finding
that he intentionally and knowingly threatened and placed the complainant in
fear of imminent bodily injury and death, as charged in the indictment.  

A.      Legal
Sufficiency

In his first issue, appellant challenges the legal
sufficiency of the evidence supporting his conviction.  Specifically, he
contends that the State failed to prove that appellant, acting as a principal
or party to the offense, intentionally and knowingly threatened or placed the
complainant, Mendoza, in fear of imminent bodily injury and death.[2]








When reviewing the legal sufficiency of evidence, we
examine the evidence in the light most favorable to the verdict to determine
whether any rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S.
307, 319 (1979); Mason v. State, 905 S.W.2d 570, 574 (Tex. Crim. App.
1995).  A person commits robbery if, in the course of committing theft and with
the intent to obtain or maintain control of the property, he intentionally and
knowingly threatens or places another in fear of imminent bodily injury or
death.  Tex. Penal Code ' 29.02(a)(2).  To
prove the offense of robbery, there must have been actual or threatened
violence to the person, or intimidation of such a nature that the threatened or
injured party was put in fear. Green v. State, 567 S.W.2d 211, 213 (Tex.
Crim. App. 1978); Jones v. State, 467 S.W.2d 453, 454 (Tex. Crim. App.
1971).  The fear must be of such nature as in reason and common experience is
likely to induce a person to part with his property against his will.  Green,
567 S.W.2d at 213 (quoting Jones, 467 S.W.2d at 454).  Finally, threats
that are sufficient to place one in fear of bodily injury or death can take the
form of words or conduct.  See McGowan v. State, 664 S.W.2d 355, 357
(Tex. Crim. App. 1984); see also Donoho v. State, 39 S.W.3d 324, 329
(Tex. App.CFort Worth 2001, pet. ref=d).  

In this case, the jury was authorized to convict appellant
either as a principal or a party to the offense of aggravated robbery.  A
person may be found guilty as a party to an offense if he is criminally
responsible for the conduct of the person who committed the offense.  Tex. Penal Code ' 7.01(a).  A
person is criminally responsible for the offense committed by another=s conduct if,
acting with intent to promote or assist the commission of the offense, he
solicits, encourages, directs, aids, or attempts to aid the other person to
commit the offense.  Id. ' 7.02(a)(2). 
Circumstantial evidence may be used to show that a person is a party to an
offense.  Thomas v. State, 915 S.W.2d 597, 599 (Tex. App.CHouston [14th
Dist.] 1996, pet. ref=d).  The circumstantial evidence must show
that at the time of the offense, the parties were acting together, each
contributing some part toward the execution of their common purpose.  Id.
at 599B600.  In
determining whether a defendant was a party, the court may examine the events
occurring before, during, and after the commission of the offense.  Id.
at 600.








Here, the State established that appellant and his
co-actors trapped Mendoza and his family in his minivan and stole his wallet. 
Then, according to both Mendoza and his wife, he and his family were forced out
of their minivan and into the laundromat.  Once inside the laundromat,
appellant, brandishing a gun, threatened to kill another individual.  While
appellant was making this threat, Mendoza was being held by one of appellant=s armed co-actors
in close proximity to appellant.  Furthermore, the co-actor holding Mendoza at
gunpoint actually fired his gun into the laundromat floor in support of
appellant=s threats.  Many of these events were recorded on a
surveillance camera, the videotape of which was played for the jury.  In
addition, Mendoza specifically testified that he was afraid either appellant or
his co-actorCboth of whom were armedCwas going to kill
him, a reasonable concern under these circumstances.  Finally, appellant and
his co-actor used Mendoza=s minivan as a getaway vehicle.  Several
hours after the robbery at the laundromat, appellant was found driving the
stolen vehicle.  When a police officer attempted to stop him for running a stop
sign, appellant evaded the officer, even fleeing on foot after he drove the
minivan into a field.  

Appellant
focuses his legal sufficiency argument on his contention that there is no
evidence that appellant threatened Mendoza.  However, contrary to appellant=s position, the State was not
required to establish that appellant threatened Mendoza.  Instead, the State
was required to establish that appellant threatened or placed Mendoza in
fear of imminent bodily injury or death.  See Tex. Penal Code ' 29.02(a)(2). Moreover, because the
jury was instructed on the law of parties, the jury could have convicted
appellant as either a principal or a party to this offense; i.e., the
jury could have determined that either appellant or his co-actor placed Mendoza
in fear of bodily injury or death.  See id. ' 7.01(a).  In light of the
evidence, a reasonable fact-finder could conclude, beyond a reasonable doubt,
that appellant, acting as either a principal or a party, intentionally and
knowingly placed Mendoza in fear of imminent bodily injury or death while
committing theft.  See Jackson, 443 U.S. at 319; Mason, 905
S.W.2d at 574.  We overrule appellant=s first issue.

B.      Factual
Sufficiency








In his second issue, appellant contends the evidence is
factually insufficient to support his conviction.  Again, appellant claims
there is no evidence to support a finding that he intentionally and knowingly
threatened and placed the complainant in fear of imminent bodily injury and
death.  

When conducting a factual-sufficiency review, we view all
of the evidence in a neutral light.  See Cain v. State, 958
S.W.2d 404, 408 (Tex. Crim. App. 1997); Clewis v. State, 922 S.W.2d 126,
134 (Tex. Crim. App. 1996).  We may set the verdict aside if: (1) the evidence
is so weak that the verdict is clearly wrong and manifestly unjust; or (2) the
verdict is against the great weight and preponderance of the evidence.  Watson
v. State, 204 S.W.3d 404, 414B15 (Tex. Crim.
App. 2006) (citing Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App.
2000)).

The evidence that supports the verdict has already been set
out in detail in response to appellant=s legal
sufficiency challenge.  Most importantly, appellant and his co-actors forced
the complainant, Mendoza, and his wife and infant daughter, out of their
minivan and into the laundromat after taking Mendoza=s wallet from
him.  Once inside, appellant and one of his co-actors brandished guns,
threatened to kill a laundromat employee, and took money from the cash
register.  Appellant=s accomplice even fired his weapon into
the floor to substantiate appellant=s threat to the
employee.  After taking money from the cash register and making several
unsuccessful attempts to open a coin machine, appellant and his accomplice ran
out of the laundromat and used Mendoza=s minivan as a
getaway vehicle.  








Although appellant does not identify any evidence negating
these facts, our review of the record reveals the following evidence
unfavorable to the verdict:  (1) no guns were found in the minivan after
appellant was apprehended; (2) no fingerprint evidence ties appellant to the
offense; (3) appellant did not resist arrest; and (4) Mendoza=s wife was unable
to identify appellant in a photo array.[3] 
However, appellant neither contests his presence during the offense nor that he
and his co-actor were armed with guns, instead focusing his argument on the
lack of proof of an Aovert@ threat made by
appellant to Mendoza.  But as discussed in our legal sufficiency analysis
above, an Aovert@ threat is not an element of the offense
of robbery.  And although it is unclear from our record whether Mendoza was Aplaced in fear@ by appellant or
his co-actor,[4]
the jury was authorized to convict appellant as either a principal or a party
to this offense.  Finally, as noted above, the jury could have based its
verdict on its determination that either appellant or his co-actor
placed Mendoza in fear of his life. Viewing all the evidence in a neutral
light, we cannot say the verdict is so contrary to the overwhelming weight of
the evidence as to be clearly wrong and unjust or that the verdict is against
the great weight and preponderance of the evidence.  See Watson, 204
S.W.3d at 414B15.  Accordingly, we overrule appellant=s second issue. 

III.      Conclusion

Having overruled both appellant=s legal and
factual sufficiency issues, we affirm the judgment of the trial court.

 

 

 

/s/      Wanda McKee Fowler

Justice

 

Judgment rendered and Memorandum
Opinion filed August 14, 2007.

Panel consists of Justices
Anderson, Fowler, and Frost.

Do Not Publish C Tex.
R. App. P. 47.2(b).









[1]  According to Mendoza, four men were involved in this
incident, but two of the men remained outside with the vehicles while appellant
and another man went inside the laundromat.  





[2]  Appellant does not dispute that a firearm, the
aggravating element here, was used or exhibited during the commission of this
offense.  A person
commits aggravated robbery if, when committing robbery, he uses or exhibits a
deadly weapon.  Tex. Penal Code ' 29.03(a)(2).  A firearm is a deadly weapon.  Id. ' 1.07(a)(17)(A).  





[3]  Unlike his wife, Mendoza was able to identify
appellant in a photo array.  Moreover, his wife testified that she was so
scared during the robbery that she did not look at any of the actors= faces.





[4]  On direct examination, the following exchange
occurred between Mendoza and the prosecutor:

[the State]:  Did you think that the defendant was going to hurt you or
your family that night?

[Mendoza]: When they saw that they couldn=t open the register, the one who came before me to break it, he fired a
shot; and I did believe that he was going to kill me.

 On cross-examination, appellant
questioned Mendoza as follows:

[Appellant]: Is [appellant] the same person who pointed a gun at you
and told you:  I=m going to kill you?

[Mendoza]: No, sir.  No, sir.  They did point a gun at me, but at no
time did they tell me they were going to kill me.  I thought that he was going
to kill me after the first shot.